**Bracewell LLP**
1251 Avenue of the Americas
New York, NY 10020-1100
Telephone: (212) 508-6100
Facsimile: (212) 508-6101
Jennifer Feldsher
Mark E. Dendinger

*Attorneys for FTI Consulting Canada Inc.*
*In its Capacity as Monitor and Foreign Representative for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>IMPERIAL TOBACCO CANADA LIMITED,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-10771(___) |

**MEMORANDUM OF LAW IN SUPPORT OF VERIFIED CHAPTER 15 PETITION**
**FOR RECOGNITION OF FOREIGN MAIN PROCEEDING AND RELATED RELIEF**

FTI Consulting Canada Inc. ("FTI"), in its capacity as court-appointed monitor ("Monitor")

and authorized foreign representative of Imperial Tobacco Canada Limited ("ITCAN" or the

"Debtor") in a  proceeding (the "Canadian Proceeding") under Canada's *Companies' Creditors*

*Arrangement Act*, R.S.C. 1985, c. C-36, as amended, pending before the Ontario Superior Court

of Justice (Commercial List) at Toronto (the "Canadian Court"), by its undersigned counsel,

hereby submits this Memorandum of Law in Support of Verified Chapter 15 Petition for

Recognition of Foreign Main Proceeding and Related Relief.

**INTRODUCTION AND BACKGROUND**

1.      As set forth in greater detail in the *Verified Chapter 15 Petition for Recognition of*

*Foreign Main Proceeding and Related Relief* (the "Verified Petition"), the Monitor seeks

#5898811

recognition of the Canadian Proceeding under Chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") to protect the Debtor and its assets in the United States and in aid of the Debtor's restructuring efforts in Canada.

2.      The Debtor, one of the largest distributors of tobacco products in Canada, is facing serious financial challenges to its continued operations as a result of mounting costs associated with multiple class actions and other ongoing product liability and consumer litigation requiring defense across Canada.  Recently, the Quebec Court of Appeal substantially upheld a trial judgment in the maximum amount of approximately C$13.6 billion (the "Damages Award") arising from the May 27, 2015 judgment in the Letourneau and Blais class actions (bearing court file numbers 500-06-00070-983 and 500-06-000076-80).  [ITCAN Aff. ¶¶ 6, 133, 139]  The Debtor's share of the Damages Award alone is over C$9 billion.  [ITCAN Aff. ¶ 139]  The Debtor does not have the financial resources to satisfy these obligations, let alone the many other competing claims or potential claims brought or that could be brought against it under applicable law in relation to the development, manufacturing, production, marketing, advertising of, representations made in respect of, the purchase, sale, and use of, or exposure to tobacco products (collectively, with the ongoing proceedings, the "Tobacco Claims").  Accordingly, the Debtor initiated the Canadian Proceeding to obtain, among other things, a stay of proceedings so that the Debtor can develop a plan of arrangement or compromise that maximizes stakeholder financial recoveries and institutes a fair and stream-lined, court-approved process for the quantification and resolution of all Tobacco Claims.

3.      Although, as set forth below and in the Verified Petition, the Debtor's center of main interests is in Canada, its principal place of business in the United States is in New York, New York (the "New York Office"), where it is registered to do business.  As more fully described

2

in the Affidavit of Eric Thauvette of the Debtor (the "ITCAN Affidavit")[1], the Debtor leases the New York Office for the purpose of administering funding of pension plans and certain other obligations of its subsidiaries in the United States and otherwise managing its interests in the United States.  The Debtor maintains a U.S. bank account with Citibank N.A. in New York City. [ITCAN Aff. ¶ 40]

4.    In addition, the Debtor's supply and inventory chain has significant contacts with the United States. At any given time the Debtor warehouses approximately four weeks of inventory inside the United States and has another week and a half to two weeks' inventory in transit.  To avoid any disruption in the Debtor's business activities and its supply chain and to protect the Debtor's assets and interests in the United States, the Monitor seeks recognition of the Canadian Proceeding under Chapter 15 of the Bankruptcy Code.

## JURISDICTION AND VENUE

5.    This Court has jurisdiction to hear and determine cases commenced under the Bankruptcy Code and all core proceedings arising thereunder pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 1501.  Recognition of foreign proceedings and other matters under Chapter 15 of the Bankruptcy Code have expressly been designated as core proceedings pursuant to 28 U.S.C. § 157(b)(2)(P).  Venue is proper in this District pursuant to 28 U.S.C. § 1410 as the Debtor's principal place of business in the United States is in New York.

---

[1] The ITCAN Affidavit has been filed as Exhibit A to the Declaration of Paul Bishop in Support of (I) Verified Chapter 15 Petition for Recognition of Foreign Main Proceeding and Related Relief, (II) Application to Approve Notice Procedures and (III) *Ex Parte* Application for Temporary Restraining Order and Relief Pursuant to Sections 1519 And 105(a) of the Bankruptcy Code.  Dkt. No. [5].

3

**ARGUMENT**

**I.     The Debtor Satisfies Bankruptcy Code Section 109(a)**

6.      The Second Circuit Court of Appeals has ruled that section 109(a) applies to a debtor in a foreign main proceeding under Chapter 15. *See Drawbridge Special Opportunities Fund LP v. Barnet (In re Barnet)*, 737 F.3d 238, 250 (2d Cir. 2013).  Section 109(a) of the Bankruptcy Code requires that a debtor have a residence, domicile, a place of business or property in the United States. *See* 11 U.S.C. § 109(a).

7.      Here, the Debtor satisfies section 109(a) on multiple fronts.  The Debtor maintains a place of business and a bank account in New York.  In addition, as noted here and in the Verified Petition, the Debtor operates its business by transporting tobacco product from Mexico to Canada through the United States and holds substantial property within the United States in the form of finished goods inventory.  For each of these reasons, the Debtor satisfies section 109(a) of the Bankruptcy Code.

**II.     This Case has Been Properly Commenced Under Chapter 15**

8.      Section 1504 of the Bankruptcy Code provides that a case under Chapter 15 is "commenced by the filing of a petition for recognition of a foreign proceeding under section 1515." 11 U.S.C. § 1504.  As set forth more fully below, the Monitor respectfully submits that it has satisfied all the requirements set forth in section 1515.

**A.     This Case is Proper Under Chapter 15**

9.      Chapter 15 applies where, as here, a foreign representative seeks assistance in the United States in connection with a foreign proceeding.  11 U.S.C. § 1501(b)(1).  One of the objectives of Chapter 15 is the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor." 11 U.S.C. §1501(a)(3).

10.     This Chapter 15 case has been commenced for the purpose of protecting the

Debtor's assets, business operations and supply chain, inventory management and distribution

processes in the United States so that the Debtor can conduct an orderly reorganization under the

supervision of the Canadian Court.   Specifically, the Canadian Proceeding and this case were

commenced to allow the Debtor to develop and achieve a fair and equitable resolution of the

Tobacco Claims against it in a coordinated and streamlined proceeding, and to otherwise maximize

the value of its estate for the benefit of all stakeholders.   On this basis, the Monitor submits that

this Chapter 15 case is proper and consistent with the goals and objectives of Chapter 15.

### B.     This Case was Commenced in Accordance with Section 1515(a)

11.     In order to successfully apply for recognition of the Canadian Proceeding under

section 1515(a) of the Bankruptcy Code, the Monitor must satisfy two principal requirements: (a)

the Canadian Proceeding must qualify as a "foreign proceeding" and (b) the Monitor must qualify

as a "foreign representative."   Both requirements are satisfied here.

### 1.     This Case Concerns a Foreign Proceeding

12.     Bankruptcy Code section 101(23) provides, in pertinent part:

> The term "foreign proceeding" means a collective
> judicial or administrative proceeding in a foreign
> country, including an interim proceeding, under a
> law relating to insolvency or adjustment of debt in
> which proceeding the assets and affairs of the debtor
> are subject to control or supervision by a foreign
> court, for the purpose of reorganization or
> liquidation.

11 U.S.C. § 101(23).

13.     The Canadian Proceeding is a collective judicial proceeding under which the assets

and affairs of the Debtor are subject to the supervision of the Canadian Court.  The Canadian

Proceeding was instituted by the Debtor and its subsidiary, Imperial Tobacco Company Limited

for the purpose of implementing an orderly and equitable restructuring plan for the benefit of their

creditor body as a whole.  The Canadian Court has already exercised its authority and demonstrated

its close supervision over the CCAA applicants by issuing the Canadian Order for Relief.  Thus it

is clear that the Canadian Proceeding falls within the definition of "foreign proceeding" as set forth

in section 101(23) of the Bankruptcy Code.

14.    Moreover, since the passage of Chapter 15, Canadian proceedings under the CCAA

have been routinely recognized by this Court as foreign proceedings.  *See, e.g.*, *In re Sino-Forest*

*Corp.*, 501 B.R. 655, 666 (Bankr. S.D.N.Y. 2013); *In re Metcalf & Mansfield Alt. Invs.*, 421 B.R.

685, 688 (Bankr. S.D.N.Y. 2010); *In re Quebecor World, Inc.*, No. 08-13814 (Bankr. S.D.N.Y.

July 1, 2009); *In re Canwest Global Commc'ns Corp.*, No. 09-15994 (Bankr. S.D.N.Y. Nov. 3,

2009); *In re Baronet U.S.A. Inc.*, No. 07-13821 (Bankr. S.D.N.Y. Jan. 10, 2008).  Further, under

former section 304 of the Bankruptcy Code, the statutory predecessor to Chapter 15, Canadian

proceedings, including insolvency proceedings, were also regularly granted comity.  *See, e.g.*,

*Smith v. Dominion Bridge Corp.*, No. Civ. A. 96-7580, 1999 WL 111465, at *3 (E.D. Pa. Mar. 2,

1999) ("As a sister common law jurisdiction, courts have consistently extended comity to

Canadian Bankruptcy proceedings."); *In re Davis*, 191 B.R. 577, 587 (Bankr. S.D.N.Y. 1996)

("Courts in the United States uniformly grant comity to Canadian proceedings"); *Cornfeld v. Inv'rs*

*Overseas Servs., Ltd.*, 471 F. Supp. 1255, 1260-62 (S.D.N.Y. 1979), *aff'd*, 614 F.2d 1286 (2d Cir.

1979); *Caddel v. Clairton Corp.*, 105 B.R. 366, 367 (N.D. Tex. 1989).

### 2.      This Case was Commenced by a Foreign Representative

15.      This Chapter 15 case was commenced by the Monitor, the duly appointed and authorized "foreign representative" of the Debtor in the Canadian Proceeding.  Canadian Order for Relief ¶ 62.  By virtue of its appointment by the Canadian Court, the Monitor is a "foreign representative" within the meaning of section 101(24) of the Bankruptcy Code, which defines a "foreign representative" in pertinent part as a "person or body . . . authorized in a foreign proceeding to administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a representative of such foreign proceeding."  *See, e.g.*, *In re Sino-Forest Corp.*, No. 13-10361 (Bankr. S.D.N.Y. Apr. 15, 2013) (recognizing CCAA proceeding as a "foreign proceeding" and court-appointed monitor as "foreign representative" under the Bankruptcy Code); *In re Metcalf & Mansfield Alt. Invs.*, 421 B.R. 685 (same); In re MAAX Corp., No. 08-11443 (Bankr. D. Del. Aug. 5, 2008) (same); *In re Canwest Global Commc'ns Corp.*, No. 09-15994 (Bankr. S.D.N.Y. Nov. 3, 2009) (same); *In re Baronet U.S.A. Inc.*, No. 07-13821 (Bankr. S.D.N.Y. Jan. 10, 2008) (same).  Moreover, pursuant to section 1516(a) of the Bankruptcy Code, the Monitor is *presumed* to be the foreign representative because it was identified as such in the Canadian Order for Relief.

### C.      This Case was Properly Commenced Under Section 1515(b)

16.      To establish a basis for recognition under Chapter 15 of the Bankruptcy Code, the petition for recognition must be supported by the documentation enumerated in section 1515(b) of the Bankruptcy Code.  Specifically, the Chapter 15 petition must be accompanied by:

(a)      a certified copy of the decision commencing such foreign proceeding and appointing the foreign representative;

(b)      a certificate from the foreign court affirming the existence of such foreign proceeding and of the appointment of the foreign representative; or

        (c)     in the absence of evidence referred to in paragraphs (1) and (2), any other evidence acceptable to the court of the existence of such foreign proceeding and of the appointment of the foreign representative.

11 U.S.C. § 1515(b).

17.     The Monitor commenced this Chapter 15 case by filing the Official Form 401 Petition for the Debtor and the Verified Petition, which includes, as an exhibit, a copy of the Canadian Order for Relief (i) recognizing that the Debtor is a party to which the CCAA applies and, therefore, entitled to initial relief pursuant to the terms of the CCAA and (ii) appointing the Monitor.[2]  Accordingly, the Monitor submits that this case has been properly commenced under 11 U.S.C. § 1515(b) and (c).

**III.**    **The Canadian Proceeding Should be Recognized as a Foreign Main Proceeding**

18.     The Bankruptcy Code provides that a foreign proceeding for which Chapter 15 recognition is sought must be recognized as a "foreign main proceeding" if it is pending in the country where the debtor has its center of main interests.  11 U.S.C. §§ 1517(b)(1), 1502(4). Although "center of main interests" is not defined in the Bankruptcy Code, courts in the U.S. have generally found the center of main interests to be where the debtor conducts the administration of its interests on a regular basis and is, therefore, ascertainable by third parties.  *See Morning Mist Holdings Ltd. v. Krys (In re Fairfield Sentry Ltd.)*, 714 F.3d 127, 136 (2d Cir. 2013) ("[t]he relevant principle . . . is that COMI lies where the debtor conducts its regular business, so that the place is ascertainable by third parties"); *In re Basis Yield Alpha Fund (Master)*, 381 B.R. 37 (Bankr. S.D.N.Y. 2008); *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd.*, 374 B.R. 122 (Bankr. S.D.N.Y. 2007), *aff'd*, 389 B.R. 325 (S.D.N.Y. 2008); *In re SphinX, Ltd.*,

---

[2] Section 1516(b) of the Bankruptcy Code permits the Court to presume the authenticity of the Canadian Order for Relief and those documents and information included with the Verified Petition in conformance with 11 U.S.C. §§ 1515(b) and (c).

351 B.R. 103 (Bankr. S.D.N.Y. 2006), *aff'd*, 371 B.R. 10 (S.D.N.Y. 2007).   In the absence of

evidence to the contrary, the debtor's registered office is presumed to be the center of the debtor's

main interests. 11 U.S.C. § 1516(c).

19.      In the instant case, as detailed in the Verified Petition, the Debtor's registered office

is located in Canada.  Accordingly, in the absence of evidence to the contrary, the Debtor's center

of main interests is to be presumed under the Bankruptcy Code to be in Canada.  Even without the

statutory presumption, however, it is clear that Canada is the Debtor's center of main interests.

The Debtor is a leading importer of tobacco products in Canada and virtually all of its revenue is

generated through Canadian sales.  The Debtor's registered head office is located in Brampton,

Ontario and nearly all of its employees are in Canada.  [ITCAN Aff. ¶ 17]  In addition, the Debtor's

central decision-making function, both long-range and day-to-day, takes place in Canada.  [ITCAN

Aff. ¶ 17]

20.      Based on the foregoing, the Monitor submits that the Canadian Proceeding

constitutes a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code.[3]

Accordingly, the Debtor is entitled to recognition (substantially in the form annexed to the Verified

Petition) of the Canadian Proceeding as a foreign main proceeding pursuant to section 1517 of the

Bankruptcy Code.[4]

---

[3] In the event the Court were to determine the Canadian Proceeding is not a foreign main proceeding, the Monitor nevertheless requests that the Court grant the relief requested in the Verified Petition pursuant to sections 1507 and 1521 of the Bankruptcy Code.

[4]  Section 1517 provides, in pertinent part:
       (a)      Subject to section 1506, after notice and a hearing, an order recognizing a foreign proceeding *shall* be entered if -
            (1)      such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502;
            (2)      the foreign representative applying for recognition is a person or body; and
            (3)      the petition meets the requirements of section 1515.
11 U.S.C. § 1517 (emphasis added).

**IV.     Once Recognized, The Debtor Is Entitled To Certain Relief Under Section 1520**

21.     Upon recognition of the Canadian Proceeding as a foreign main proceeding, the

Debtor is automatically entitled to certain relief under section 1520(a) of the Bankruptcy Code.

Section 1520(a) provides that, upon recognition:

> (a)     sections 361 and 362 apply with respect to the debtor and the property of
> the debtor that is within the territorial jurisdiction of the United States;
>
> (b)     sections 363, 549 and 552 apply to a transfer of an interest of the debtor in
> property that is within the territorial jurisdiction of the United States to the
> same extent that the sections would apply to property of an estate;
>
> (c)     unless the court orders otherwise, the foreign representative may operate
> the debtor's business and may exercise the rights and powers of a trustee
> under and to the extent provided by sections 363 and 552; and
>
> (d)     section 552 applies to property of the debtor that is within the territorial
> jurisdiction of the United States.

11 U.S.C. § 1520(a).

22.     The Monitor requests that through the extension of the relief automatically

available pursuant to section 1520(a) of the Bankruptcy Code, the Court enter an order expressly

authorizing the Debtor to continue doing business in the ordinary course in the United States and

to maintain its supply chain, inventory management and distribution processes in the ordinary

course of its business.  The Monitor also requests that the Court expressly bar, enjoin, and stay,

pursuant to section 1520(a) and under section 362 of the Bankruptcy Code, any action to interfere

with the Debtor, its assets, business operations and processes.  As these benefits flow automatically

from recognition of the Canadian Proceeding, the Monitor respectfully submits that no further

showing is required.  Nonetheless, to the extent the relief requested is outside the scope of section

---

The legislative history of this section provides that the "decision to grant recognition is not dependent upon any
findings about the nature of the foreign proceedings of the sort previously mandated by section 304(c) of the
Bankruptcy Code.  The requirements of this section, which incorporates the definitions in section 1502 and sections
101(23) and (24), are all that must be fulfilled to attain recognition." H.R. Rep. 109-31, pt. 1, at 95 (2005), *as reprinted
in* 2005 U.S.C.C.A.N, 88, 175.

1520, the Monitor requests such relief pursuant to sections 1507 and 1521(a)(1) and (2) of the

Bankruptcy Code.  *See In re Rede Energia S.A.*, 515 B.R. 69, 91 (Bankr. S.D.N.Y. 2014)

(observing that Chapter 15 "provides courts with broad, flexible rules to fashion relief that is

appropriate to effectuate the objectives of the chapter in accordance with comity").

## CONCLUSION

For the forgoing reasons, the Monitor respectfully requests that the Court grant the

Verified Petition and issue an order substantially in the form submitted as **Exhibit E** to the

Verified Petition, granting the relief requested therein and any such other and further relief as

may be just and proper.

Dated: March 13, 2019
       New York, New York

By: /s/ *Jennifer Feldsher*_____
Jennifer Feldsher
Mark E. Dendinger
**BRACEWELL LLP**
1251 Avenue of Americas
New York, New York 10020-1104
Telephone: (212) 508-6100
Facsimile: (212) 938-3837
Jennifer.Feldsher@bracewell.com
Mark.Dendinger@bracewell.com

*Attorneys for FTI Consulting Canada Inc.*
*In its Capacity as Monitor and Foreign*
*Representative for the Debtor*

11