**Bracewell LLP**
1251 Avenue of the Americas
New York, NY 10020-1100
Telephone: (212) 508-6100
Facsimile: (212) 508-6101
Jennifer Feldsher
Mark E. Dendinger

*Attorneys for FTI Consulting Canada Inc.*
*In its Capacity as Monitor and Foreign Representative for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>IMPERIAL TOBACCO CANADA LIMITED,<br><br>Debtor in a Foreign Proceeding. [1] | Chapter 15<br><br>Case No. 19-10771(SCC) |

**SUPPLEMENTAL DECLARATION OF PAUL BISHOP IN SUPPORT OF VERIFIED CHAPTER 15 PETITION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING**

I, Paul Bishop, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1.  I hereby submit this supplemental declaration (the "Supplemental Declaration"), made in my capacity as a Senior Managing Director of FTI Consulting Canada Inc. ("FTI"), the Court appointed monitor and authorized foreign representative (the "Monitor") of Imperial Tobacco Canada Limited ("ITCAN" or the "Debtor") in a proceeding (the "Canadian Proceeding") under Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985 c. C-36, as amended ("CCAA"), pending before the Ontario Superior Court of Justice (Commercial List) at Toronto,

---

[1] The last four digits of the Debtor's taxpayer identification number is 4374. The Debtor's registered office is located at 30 Pedigree Court, Brampton (Ontario) Canada L6T 5T8.

Ontario (the "Canadian Court"), in further support of the *Verified Chapter 15 Petition for Recognition of Foreign Main Proceeding and Related Relief* (the "Verified Petition," Dkt. No. 2).[2]

2. I previously submitted a declaration (the "First Declaration," Dkt. No. 5) in support of (a) the Verified Petition; (b) the application for entry of an order (i) scheduling a hearing on the relief requested in the Verified Petition (the "Recognition Hearing"), (ii) setting a deadline by which all objections to the Chapter 15 petition must be filed and (iii) approving the form of notice of the Recognition Hearing and the manner of service (the "Notice Application," Dkt. No. 3); and (c) pursuant to Rule 65 of the Federal Rules of Civil Procedure, as made applicable by Rule 7065 of the Federal Rules of Bankruptcy Procedure and Rule 9077-1(a) of the Local Bankruptcy Rules of the United States District Court for the Southern District of New York, the Ex Parte Application for Temporary Restraining Order and Relief Pursuant to Sections 1519 and 105(a) of Title 11 of the United States Code (the "TRO Application," Dkt. No. 4). The First Declaration is expressly incorporated herein by reference.

**UPDATE ON CANADIAN PROCEEDING**

3. As described more fully in the First Declaration, on March 12, 2019, the Canadian Court issued the Initial Order (the "Canadian Order for Relief") attached as Exhibit A to the Verified Petition, commencing the Canadian Proceeding and, among other things, appointing FTI as the Monitor and authorizing the filing of the Debtor's Chapter 15 case (the "Chapter 15 Case"). As is customary, the Canadian Order of Relief was entered on an *ex parte* basis and a comeback hearing was scheduled for April 4 and 5, 2019 for parties to be heard after receiving notice of the Canadian Proceeding.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Verified Petition and the *Monitor's Omnibus Reply In Support of Verified Chapter 15 Petition for Recognition of Foreign Main Proceeding and Related Relief*, as applicable.

4. On April 4 and 5, 2019, the Canadian Court held the comeback hearing in the Canadian Proceeding. At the hearing, the Canadian Court entered various orders including: (i) an order extending the stay of proceedings until June 28, 2019 (the "Stay"); (ii) an order amending the Canadian Relief Order to address matters that were on consent of the stakeholders, including appointing and prescribing the mandate of the Hon. Warren K. Winkler Q.C. to act as mediator in respect of certain issues, including the Tobacco Claims; and (iii) an order partially lifting the Stay to allow the Quebec Class Action plaintiffs to seek the approval of settlement agreements in respect of insurance policies issued by Kansa General International Insurance Company Ltd. and Northumberland General Insurance Company to ITCAN and/or its predecessor entities.

5. Prior to the comeback hearing, counsel for the Debtor and Monitor were contacted by counsel representing several of the beneficiaries (the "Retiree Group") of the Top-Hat Plans that the Debtor has discontinued funding. The Retiree Group filed a notice of objection in the Canadian Proceeding seeking: (i) relief from the Canadian Order for Relief to compel continued funding of the Top-Hat Plans (the "Retiree Objection"); and (ii) an order of the Canadian Court (a) appointing members of the Retiree Group as representatives of the beneficiaries of the Top-Hat Plans and (b) appointing Kaplan Law as representative counsel. The Retiree Group also filed a notice of a Canadian constitutional question under the Charter of Rights and Freedoms challenging the validity of the provisions of the Canadian Relief Order that operate to suspend payments under the Top-Hat Plans.

6. Counsel appeared on behalf of the Retiree Group at the comeback hearing and made limited submissions to the Canadian Court. The Canadian Court noted on the record that the Stay was without prejudice to the rights of the Retiree Group to seek relief and be heard concerning the Top-Hat Plans at a second comeback hearing scheduled to commence on April 25, 2019.

**CONCLUSION**

7.    The Monitor has been advised and submits that the Verified Petition complies with sections 1517, 1520 and 1521 of the Bankruptcy Code, will aid the Canadian Proceeding and the Debtor's restructuring efforts in Canada, and is not manifestly contrary to U.S. public policy. Accordingly, the Monitor respectfully requests that the Verified Petition be approved and the Recognition Order, as amended to address the outstanding objections to the Verified Petition, be granted.[3]

[*Remainder of page intentionally left blank.*]

---

[3] Although the Retiree Group has not yet formally appeared in the Chapter 15 Case, I have been advised that they retained U.S. counsel and that counsel was consulted and approved the amended Recognition Order.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct to the best of my knowledge, information and belief.

Date: April 12, 2019
Toronto, Canada

*Paul Bishop* (signature)

Paul Bishop, LIT
*Senior Managing Director*
FTI Consulting Canada Inc.