**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>IMPERIAL TOBACCO CANADA LIMITED,<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 19-10771 (SCC) |

**ORDER RECOGNIZING FOREIGN MAIN
PROCEEDING AND GRANTING RELATED RELIEF**

This matter was brought by FTI Consulting Canada Inc., in its capacity as the Court-appointed monitor[1] (the "Monitor") and duly authorized foreign representative for Imperial Tobacco Canada Limited (the "Debtor"), upon its filing, on behalf of the Debtor, of the *Verified Chapter 15 Petition for Recognition of Foreign Main Proceeding* (the "Verified Petition")[2] pursuant to sections 1504 and 1515 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned Chapter 15 case (the "Chapter 15 Case").

The Court has reviewed the Verified Petition along with the other papers, pleadings and exhibits submitted by the Monitor in support of the Verified Petition (collectively, the "Supporting Papers,") including, among other things, (a) the Declaration of Paul Bishop in Support of (I) Verified Chapter 15 Petition for Recognition of Foreign Main Proceeding and Related Relief, (II) Application for an Order Scheduling Recognition Hearing, Specifying Deadline for Filing Objections and Specifying Form and Manner of Notice (the "Notice Application") and, (III) *Ex*

---

[1] FTI was appointed as Monitor pursuant to Canada's *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended, by order dated March 12, 2019.

[2] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Verified Petition and the *Monitor's Omnibus Reply In Support of Verified Chapter 15 Petition for Recognition of Foreign Main Proceeding and Related Relief*, as applicable.

*Parte* Application for Temporary Restraining Order and Relief Pursuant to Sections 1519 and 105(a) of the Bankruptcy Code (the "Bishop Declaration") and (b) the Memorandum of Law in support of the Verified Petition. The Court has also reviewed the various letters filed on the docket of this case in response to the Verified Petition.

For good cause shown, including the record created at the April 15, 2019 Recognition Hearing, the Court finds and concludes as follows:

A. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

B. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

C. Venue is proper before this Court pursuant to 28 U.S.C. § 1410.

D. Good, sufficient, appropriate and timely notice of the filing of the Verified Petition and the hearing on the Verified Petition has been given pursuant to Local Rules 2002-4 and 9078-1 and Rule 2002(q)(1) of the Federal Rules of Bankruptcy Procedure.

E. The Chapter 15 Case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code.

F. Pursuant to section 1517(a)(2) of the Bankruptcy Code, the Monitor is a "person" within the meaning of section 101(41) of the Bankruptcy Code, and the Monitor is the duly appointed foreign representative of the Debtor within the meaning of section 101(24) of the Bankruptcy Code.

G. The Canadian Proceeding currently pending before the Canadian Court is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

H. The Canadian Proceeding is pending in Canada, where the Debtor's "center of main interests," as that term is used in section 1517(b)(1) of the Bankruptcy Code, is located, and, accordingly, the Canadian Proceeding is a "foreign main proceeding" pursuant to section 1502(4)

2

of the Bankruptcy Code and is entitled to recognition pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code.

I. The Debtor is entitled to all of the relief provided under sections 1520 and 1521(a)(1) and (2) of the Bankruptcy Code, without limitation, because those protections are necessary to effectuate the purposes of Chapter 15 of the Bankruptcy Code and to protect the assets of the Debtor and the interests of the Debtor's creditors and stakeholders.

Therefore, it is hereby ordered that:

1. The Verified Petition is **GRANTED**.

2. The Verified Petition meets the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

3. The Canadian Proceeding is recognized as a "foreign main proceeding" (as defined in section 1502(a)(4) of the Bankruptcy Code) pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code.

4. The Monitor is recognized, on a final basis, as the "foreign representative" as defined in section 101(24) of the Bankruptcy Code.

5. Other than as expressly set forth herein, the Debtor is entitled to all of the relief provided under sections 1520 and 1521 of the Bankruptcy Code, without limitation.

6. Pursuant to sections 1520 and 1521 of the Bankruptcy Code, and, as necessary, sections 105(a) and 1507 of the Bankruptcy Code, the Canadian Order for Relief is hereby given full force and effect in the United States.

7. The Debtor is authorized to maintain its U.S. assets, business operations, supply chain, inventory management and distribution processes in the ordinary course of the Debtor's business, pursuant to section 1520(a) of the Bankruptcy Code. For the avoidance of doubt, the

Debtor is continuing to operate its business and is not requesting that the Monitor be provided with the rights set forth under section 1521(a)(5) at this time and, accordingly, relief is not being granted under section 1521(a)(5) to the Debtor under this Order.

8.  The relief granted hereby is necessary and appropriate, in the interests of the public and of international comity, not inconsistent with any public policy of the United States, and warranted pursuant to sections 1507(a), 1509(b)(2)-(3), 1520, 1521(a), and 1522 of the Bankruptcy Code.

9.  Pursuant to section 1521(a)(6), any additional relief granted under section 1519(a) is hereby extended.

10. Any action to interfere with the Debtor's assets, business, operations, or its supply chain, inventory management or distribution processes are hereby barred, enjoined, and stayed, pursuant to sections 362, 1520(a), and 1521(a)(1) and (2) of the Bankruptcy Code.

11. Nothing contained herein shall be deemed or construed to impair or otherwise adversely affect any rights of any group representative of the beneficiaries of the Top-Hat Plans appointed by the Canadian Court, if any, or any individual participant of the Top-Hat Plans from pursuing any rights, claims and remedies, collectively or individually, in the Canadian Proceeding or the Debtor's or Monitor's rights, claims, defenses and remedies in connection therewith.

12. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief, any adversary proceeding in and through this Chapter 15 Case, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced within the jurisdiction of this Court.

13. The Monitor shall provide service and notice of this Order by first class mail, postage prepaid, upon the Chapter 15 Notice Parties as defined in the Notice Application.

Dated: April 17, 2019
      New York, New York

                                     /s/Shelley C. Chapman
                                     UNITED STATES BANKRUPTCY JUDGE